UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| AXEL BROKERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-90 |
| | § | |
| UNITED FIRE & CASUALTY | § | |
| COMPANY and DAVID S. WALTON, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case concerns Defendant United Fire & Casualty Company's alleged liability for storm damage to a commercial building owned by Plaintiff. United Fire removed the case to federal court on the basis of diversity jurisdiction. The parties, however, are not completely diverse: United Fire is a citizen of Iowa; but Plaintiff and Defendant Walton, an adjuster employed by United Fire, are citizens of Texas.

While the lack of complete diversity ordinarily would defeat federal jurisdiction, United Fire asks the Court to ignore Walton's citizenship under the doctrine of improper joinder, because there was no possibility that Plaintiff could recover against Walton in state court. (Dkt. No. 1 at 2). In that regard, before this case was filed, United Fire executed an "election of legal responsibility" under Texas Insurance Code § 542.006, by which it assumed Walton's liability and precluded any cause of action against him. (*Id.*). For its part, Plaintiff appears to acknowledge that United Fire's election rendered Walton an improperly joined party. (*see* Dkt. No. 4 at 1-2). It now seeks the Court's leave to voluntarily dismiss the claims against him. (*Id.* at 2).

After considering the parties' submissions, the Court agrees that Walton was improperly joined as a party to this case. The Court therefore grants the parties' motion (Dkt. No. 1 at 2-3; Dkt. No. 4 at 2) to **DISMISS** the claims against Walton without prejudice.

## I. BACKGROUND

In May 2017, a storm damaged a commercial building that Plaintiff owned. (Dkt. No. 1-3 at 3). Plaintiff filed an insurance claim with United Fire, which then assigned adjuster David Walton to inspect the property damage. (*Id.*). According to Plaintiff, Walton underestimated the extent of the damage, and United Fire knowingly relied upon Walton's undervaluation in denying some of Plaintiff's claim. (*Id.* at 3-6).

In April 2019, United Fire notified Plaintiff that, pursuant to § 542A.006 of the Texas Insurance Code, United Fire was "elect[ing] to accept whatever liability its agent, David Scott Walton [ ], might have to [Plaintiff] for [Walton's] alleged acts or omissions related to the claim." (Dkt. No. 1-8 at 2). About a month later, Plaintiff filed suit in state court, alleging claims against United Fire and Walton for breach of the common law duty of good faith and fair dealing and violations of chapters 541 and 542 of the Texas Insurance Code. Plaintiff also alleged a separate cause of action against United Fire for breach of contract. (Dkt. No. 1-3 at 8-12).

United Fire was served on June 3, 2019. (Dkt. No. 1-2). It filed a Notice of Removal on June 24, 2019. In its Notice of Removal, United Fire asserts that Walton was improperly joined and urges the Court to disregard his citizenship in evaluating

the parties' diversity. (Dkt. No. 1 at 2). United Fire reasons that because of its pre-lawsuit election of liability for Walton's actions, there is "no reasonable basis" for the Court to "predict that the Plaintiff might be able to recover against Walton." (*Id.*).

Plaintiff responded to Defendant's Notice of Removal in an Advisory filed on August 9, 2019.[1] Initially, Plaintiff does "not concede" that Walton was improperly joined, recalling that Walton was "the claims adjuster assigned to the claim that made the basis of this lawsuit." (Dkt. No. 4 at 1-2). However, Plaintiff acknowledges that a motion to remand would "likely be denied" because of United Fire's pre-lawsuit election of liability. Plaintiff therefore seeks leave to voluntarily dismiss the claims against Walton. (*Id.* at 2).

## II. LEGAL STANDARD

With limited exceptions, a federal district court may exercise "removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). As relevant here, a case may be removed pursuant to 28 U.S.C. § 1332 if "there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

---

[1] On August 1, 2019, with no response from Plaintiff, the undersigned ordered Plaintiff to file an advisory to explain whether it would "contest or concede Defendants' improper-joinder claim." (Dkt. No. 3).

The doctrine of improper joinder is a "narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). When a plaintiff improperly joins a non-diverse defendant, the Court may disregard the citizenship of the improperly joined defendant, dismiss that defendant from the case, and exercise subject-matter jurisdiction over the remaining, diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). The "heavy" burden of proving improper joinder falls to the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). To make the second showing, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*; *see also Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219-20 (5th Cir. 2018) (analyzing improper joinder under Federal Rule of Civil Procedure 12(b)(6) standard).

## III. ANALYSIS

The jurisdictional issue in this case is a narrow one. Plaintiff does not dispute that the jurisdictional amount in controversy is met or that Plaintiff and United Fire are citizens of different states. Defendants similarly do not dispute that Plaintiff and Walton are citizens of the same state. At issue, then, is whether Walton was

4

improperly joined, such that the Court may disregard his citizenship and take subject-matter jurisdiction over the case. Because the Court finds that Walton was improperly joined, it will dismiss the claims against him without prejudice.

Effective September 1, 2017, the Texas Insurance Code was amended to permit an insurer to "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim." Tex. Ins. Code Ann. § 542A.006(a) (West). An insurer's election of liability under § 542A.006(a) applies, as relevant here, to claims alleging breach of a common law duty and violations of chapters 541 and 542 of the Texas Insurance Code. *Id.* at § 542A.002. Once an election of liability has been made, it may not be revoked by the insurer or nullified by the Court. *Id.* at § 542A.006(f). If an insurer makes an election before a plaintiff has filed suit, "no cause of action exists against the agent related to the claimant's claim." *Id.* at § 542A.006(b). If the claimant then files an action against the agent, "the court shall dismiss that action with prejudice." *Id.*

Under that statutory framework, United Fire's pre-lawsuit election of liability eliminated any possibility that Plaintiff could recover against Walton. United Fire made the election in April 2012, more than a month before Plaintiff filed suit. (Dkt No. 1-3 at 1). Under the express terms of the statute, United Fire's election is binding and irrevocable, and the claims against Walton must be dismissed because "no cause of action exists" against him. *See* Tex. Ins. Code Ann. §§ 542A.006(b), (f). Even were the case to proceed to trial, the statute contemplates that a jury "may be asked to resolve fact issues as if [Walton] were a defendant" but provides that "any liability

that would have been assessed against [Walton]" instead should be included in a judgment against United Fire. *See id.* at § 542A.006(g).

To be sure, district courts in this circuit have disagreed on whether an insurer who makes an election of liability *after* a lawsuit is filed may remove the action based on an agent's improper joinder. *Compare, e.g., Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018) (holding that agent was improperly joined based on post-lawsuit election of liability), *with River of Life Assembly of God v. Church Mut. Ins. Co.*, 19-CV-49-RP, 2019 WL 1767339 (W.D. Tex. Apr. 22, 2019) (holding that agent was not improperly joined); *see also* Tex. Ins. Code Ann. § 542A.006(c).

In contrast, courts have uniformly held that an agent is improperly joined when, as in this case, an insurer elects to assume liability *before* a lawsuit is filed. *Ewell v. Centauri Specialty Ins. Co.*, H-19-1415, 2019 WL 2502016 (S.D. Tex. June 17, 2019); *McAdams v. Palomar Specialty Ins. Co.*, 18-CV-633, 2019 WL 255616 (E.D. Tex. May 29, 2019), *adopting Report and Recommendation*, 2019 WL 2565669 (E.D. Tex. June 20, 2019); *Vyas v. Atain Specialty Ins. Co.*, 380 F. Supp. 3d 609 (S.D. Tex. May 15, 2019); *see also Stephens v. Safeco Ins. Co. of Indiana*, 18-CV-595, 2019 WL 109395 (E.D. Tex. Jan. 4, 2019) (noting in *dicta* that removal is proper when insurer elects liability before lawsuit is filed).

In its Advisory, Plaintiff seeks leave to dismiss the claims against Walton, acknowledging that, "[b]ecause of the timing of the election, a Motion to Remand would likely be denied." (Dkt. No. 4 at 2). Yet Plaintiff also refuses to "concede" that

6

Walton was improperly joined, stressing that "Walton was the claims adjuster assigned to the claim that made the basis of this lawsuit." (*Id.* at 1-2). The issue, however, is not whether Walton was at fault but whether Plaintiff conceivably can recover against him. As the Fifth Circuit has explained, the "focus of the [improper-joinder] inquiry must be on the joinder, not the merits of the plaintiff's case." *McDonal*, 408 F.3d at 183 (citation and internal quotation marks omitted); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006) (noting that a party can be "improperly joined without being fraudulently joined"). Walton was improperly joined, therefore, because Plaintiff could not recover against him.

As a final matter, in its Advisory Plaintiff seeks to dismiss the claims against Walton "without prejudice." (Dkt. No. 4 at 2). United Fire, taking its cue from § 542A.006(b), rather urges the Court to dismiss the claims against Walton "with prejudice." (Dkt. No. 1 at 2-3). Some district courts, also relying upon § 542A.006(b), have dismissed claims against improperly joined defendants with prejudice. *See, e.g., McAdams*, 2019 WL 2553616 at *7; *Vyas*, 380 F. Supp. 3d at 613.

The Fifth Circuit has explained, though, that the "only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction," adding that a "dismiss[al] on any other basis would require the presence of jurisdiction that does not exist." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Because a dismissal for lack of subject-matter jurisdiction is not an adjudication on the merits, "the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice

7

in every instance." *Id.* (emphasis in original). Thus, the directive in § 542A.006(b) to dismiss an action filed against an agent "with prejudice" does not apply to a federal court without jurisdiction to reach the merits of the case.

## IV. Conclusion

United Fire properly removed this case on the basis of the parties' complete diversity. Plaintiff cannot, and could not at the time of removal, recover against Walton. Based on the doctrine of improper joinder, the Court **DISMISSES** Plaintiff's claims against Walton without prejudice.

It is so **ORDERED**.

**SIGNED** August 23, 2019.

_____
Marina Garcia Marmolejo
United States District Judge