**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **AXEL BROKERS, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:19-CV-90** |
| **UNITED FIRE & CASUALTY** | § | |
| **COMPANY, and DAVID S. WALTON,** | § | |
| *Defendants.* | § | |
| | § | |

---

## PLAINTIFF'S FIRST AMENDED PETITION

---

COMES NOW, Axel Brokers, Inc. (hereinafter referred to as "Axel Brokers" or "Plaintiff"), complaining of United Fire & Casualty Company (hereinafter referred to as "United Fire") and David S. Walton (hereinafter referred to as "Walton") (collectively referred to as "Defendants") and respectfully show as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.      Plaintiff is a Texas corporation.

3.         Defendant United Fire & Casualty Company is an insurance company engaging in the business of insurance in the State of Texas. Defendant United Fire may be served with process through their registered agent, Lance Arnott, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. 4. Defendant David S. Walton is an individual residing in Texas. Defendant Walton may be served with process at 741 Water Well Road, Lorena, Texas 76655.

5. The Clerk is requested to issue Citations.

### III.
### JURISDICTION

6.         Plaintiff seeks monetary relief in an amount over $200,000 but not exceeding $1,000,000. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

7.         The court has jurisdiction over Defendant United Fire because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

8.         The court has jurisdiction over Defendant Walton because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

9.         Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

10.        Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to TEX.INS. CODE § 542A.003. Plaintiff has received a copy of such notice.

11.        All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendants' prior breach of the insurance contract. Any failures that may have occurred on behalf of the Plaintiff have not prejudiced the Defendants in this case.

## VI.
## FACTS

12.        Plaintiff is the owner of a commercial property located at 14208 Transportation Avenue, Laredo, Texas 78045 (the "Property"). The Property was insured by insurance policy number 85318420, issued by Defendant United Fire (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

13.        On or about May 21, 2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim (claim no. 4220125490) and demand for payment on Defendant United Fire for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendants have refused to pay all amounts due and owing under the Policy for the Claim.

14.        Defendant United Fire assigned Defendant Walton as the adjuster for Plaintiff's Claim.

15.        Defendant Walton failed to conduct a proper and thorough investigation of Plaintiff's Claim. Specifically, Defendant Walton misrepresented the damages to Plaintiff by omitting numerous areas of covered losses from his estimate. Defendant Walton relied on this improper inspection and estimate throughout the handling of Plaintiff's Claim, and used it as a basis for denial.

16.        Defendants investigation was improper and biased as it failed to take into account the full extent of covered damages at the Property. The investigation was conducted with an outcome-oriented approach in order to avoid liability under the Policy.

17.        Defendant Walton hired biased third-party adjusters to investigate the claim. Defendants' adjusters conducted an improper investigation of the Property and ignored numerous areas of damages. Specifically, Defendants' adjusters misrepresented that the damages on the Property were due to prior storms and general aging of the roof, when in fact it was clear that the damages were due to the May 21, 2017 storm event.

18.        Defendants were aware of these improper valuations yet continued to rely on them in the handling of Plaintiff's Claim. Defendants improperly denied Plaintiff's Claim based on these improper valuations and estimates.

19.        Plaintiff was forced to conduct their own investigation on the Property and to prepare their own valuation of the damages. This estimate was presented to Defendants. Defendants were then put on notice of the actual damages at the Property and became aware of the covered losses that were omitted in their prior valuation of damages. Despite this, Defendants refused to consider the new information or to adjust their estimate to incorporate the full extent of covered damages.

20.        Plaintiff and Plaintiff's representatives attempted to reach out to Defendant Walton on numerous occasions for document requests. Defendant Walton ignored these requests and delayed response. Defendant Walton engaged in delay tactics in the handling of Plaintiff's Claim.

21.        Plaintiff also attempted to reach out to Defendant Walton with new information and estimates for the Property damages. Defendant Walton continued to refuse to re-investigate despite being aware of new information about the Claim

22.        Defendants continued to rely on inconsistent reports by their adjusters in the Claim denial. Defendants misrepresented the damages to Plaintiff through these reports and estimates.

23.        Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendants' conduct constitutes a breach of the insurance contract between Defendant United Fire and Plaintiff.

24.        Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants failed to conduct any investigation or provide any estimates to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

25.        Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendants' liability was reasonably clear. Specifically, Defendants adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. This resulted in Defendants' delayed completion of the investigation of the Claim. Defendants failed to use any qualified adjusters and inspectors to conduct

investigations of the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

26.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

27.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendants continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

28.     Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Further, Defendants refused to further investigate the Claim despite being presented with additional reports and estimates exhibiting the full extent of damages at the Property. Defendants ignored these reports and continued to rely on misrepresentations about the date of the Storm and subsequent Storm and covered perils under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

29.        Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §542.055. 30. Defendants failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendants' conduct constitutes a violation of TEX.INS.CODE §542.056.

31.        Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendants at the outset of the Claim investigation, yet Defendants refused to comply with their obligations and make payments owed under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.058.

32.        From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

34. Because of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT UNITED FIRE

35.         Defendant United Fire is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

36.         Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A. Breach of Contract.

37.         The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant United Fire. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

38.         The conduct, acts, and/or omissions by Defendant United Fire constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

39. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.         Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41.         Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42.         Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

43.         Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.         Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C. Prompt Payment Of Claims Violations.

45.    The Claim is a claim under an insurance policy with Defendant United Fire of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, et seq. by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

46.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

47.    Defendant United Fire breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### CAUSES OF ACTION AGAINST DEFENDANT WALTON

48.    Defendant Walton is liable to Plaintiff for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

49.    Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

## A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

50.        The conduct, acts, and/or omissions by Defendant Walton constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

51.        Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

52.        Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

53.        Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

54.        Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

55.        Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

56.        Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### B. Breach Of The Duty Of Good Faith And Fair Dealing.

57.        Defendant Walton breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

### IX.
### KNOWLEDGE

58.        Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### X.
### DAMAGES

59.        Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60.　　　　For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

61.　　　　For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

62.　　　　For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

63.　　　　For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

64.　　　　For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

65.        Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## PRAYER

67.        WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

GREEN & BARTON

By:    */s/   Hunter M. Klein*
   HUNTER M. KLEIN
   State Bar No.: 24082117
   So. Dist. Texas No. 2442972
   klein@greentriallaw.com
   ROBERT D. GREEN
   State Bar No.: 08368025
   So. Dist. Texas No. 7684
   green@greentriallaw.com
   440 Louisiana St., Suite 1900
   Houston, Texas 77002
   (713) 654-9222 - Telephone
   (713) 654-52155 - Fax

   DANIEL P. BARTON
   State Bar No.: 00789774
   dbarton@bartonlawgroup.com
   WAYNE D. COLLINS
   State Bar No.: 00796384
   wcollins@bartonlawgroup.com

1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747 – Telephone
(713) 621-5900 – Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020 the foregoing document was served via electronic service, facsimile, email, certified mail, or hand delivery upon the following counsel of record:

David P. Andis
J. Chad Gauntt
Gauntt Koen Binney & Kidd, LLP
25700 I-45 North, Suite 130
Spring, Texas 77386
Facsimile – (281) 367-3705
David.andis@gkbklaw.com
Chad.gauntt@gkbklaw.com
*Counsel for Defendant*

/s/   Hunter M. Klein
Hunter M. Klein

## CERTIFICATE OF CONFERENCE

On March 6, 2020, Counsel for Plaintiff conferred with Counsel for Defendant, who consents to the amendment. Defendant does not stipulate to the claims made in the amendment, but consents to its addition only.

/s/ Hunter M. Klein
Hunter M. Klein